[Cite as *In re Benedetti*, 2009-Ohio-7221.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: DENISE A. BENEDETTI

DENISE A. BENEDETTI

      Applicant


Case No. V2009-40170

Commissioners:
Gregory P. Barwell, Presiding
Thomas H. Bainbridge
Randi Ostry LeHoty

ORDER OF A THREE
COMMISSIONER PANEL

---

{1}On June 19, 1992, a single commissioner determined the applicant met all the jurisdictional requirements necessary to qualify to receive an award of reparations. On June 19, 1992, June 30, 1995, January 11, 1996, March 21, 1997, March 3, 1998, September 1, 1998 and January 28, 1999 a single commissioner granted awards of reparations to the applicant which totaled $9,974.04. On January 16, 2001, August 6, 2002, February 12, 2003, February 4, 2004, March 31, 2004, June 17, 2005, November 20, 2006, and February 2, 2007 the Attorney General issued decisions that granted reimbursement in the amount of $9,300.26. The applicant has received awards from the single commissioner and the Attorney General totaling $19,274.30.

{2}On June 20, 2008, the applicant filed a supplemental compensation application. On October 24, 2008, the Attorney General issued a finding of fact and decision granting the applicant an additional award in the amount of $250.76, of which $190.00 was paid directly to the provider James P. Reardon Ph.D., while $60.76 was paid to the applicant in mileage expenses. On November 24, 2008, the applicant submitted a request for reconsideration. The applicant asserted her prescription expenses and the costs associated with the security system at her home are medically

necessary and related to the criminally injurious conduct of February 19, 1991. On January 23, 2009, the Attorney General rendered a Final Decision modifying its initial decision of October 24, 2008 and granting the applicant an additional award in the amount of $700.24 which represented reimbursement of prescription expenses. However, the Attorney General denied the maintenance costs of the security system since it was recently discovered that the offender was incarcerated. On February 20, 2009, the applicant filed a notice of appeal from the January 23, 2009 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on July 22, 2009 at 11:00 A.M.

{3}The applicant, Denise Benedetti, and her counsel, Philip Gauer, appeared at the hearing, while Assistant Attorney General Amy O'Grady represented the state of Ohio.

{4}The issue presented was whether the expense for a home security system is a compensable allowable expense under the program pursuant to R.C. 2743.51(F)(1). Expenses for the maintenance of the system had been paid both by the former single commissioner and the Attorney General through October 31, 2006. Furthermore, the offender has been incarcerated since 1991.

{5}The applicant, Denise Benedetti testified. The applicant asserted that she monitors the Department of Rehabilitation and Corrections website so she was aware that the offender has been incarcerated since 1991. She testified that she depends on the home security system 24 hours per day seven days per week. Without the system she would not feel safe in her home.

{6}Under cross-examination, Ms. Benedetti testified she still sees Dr. Reardon, but he has been unavailable due to a commitment with a professional football team. She stated that her doctor said a home security system would be beneficial. She related that the program has paid the monitoring costs since the system was installed. Whereupon, the testimony of the applicant was concluded.

{7}The applicant referenced two letters written by Dr. Reardon. In a letter dated September 16, 2008, Dr. Reardon stated the following in response to a question posed as to the reasonable degree of medical certainty for a home security system.

{8}"It is likely that Denise will always need a home security system. * * * The home security system does not make her feel safe but it does help her to feel '*safer.*' It is my belief that she will need one of these systems throughout the rest of her life in all likelihood even though she has recovered substantially and has continued to function despite some of the difficulties she still manifests."

{9}On December 22, 2008, Dr. Reardon wrote a second letter which in pertinent part stated:

{10}"It is my opinion to reasonable medical/psychological certainty that Denise Benedetti *absolutely needs* a home security system in view of the assault and rape that was perpetrated on her on February 19, 1991. * * * The home security system is not a luxury for her, *it is a necessity.* Even with that, the security system does not make her feel safe but it enables her to feel '*somewhat safer.*' * * * In reality, the fact that her assailant continues to be incarcerated is irrelevant because having gone through that experience 'anyone' can be perceived as a threat by her. The reality is that given the fact that she was assaulted 17 years ago, at some point in the next 5, 10 years or so it is likely that her assailant will come up for parole and at some point he probably will be released. Unfortunately, the threat of that is enough to raise Denise's anxiety level tremendously over and above the levels that they already are, and when he is released it will be difficult for her."

{11}The Attorney General argued that based on Dr. Reardon's characterization of the home security system expense being a "necessity," that the system only makes her feel "somewhat safer," and the continuing cost of the home security raises a question with regard to whether the expense is reasonable. The Attorney General contends the expense is not reasonable since the program should not have to expend money to protect the applicant from all would-be assailants but only the offender who perpetrated the crime against her. Whereupon, the hearing was concluded.

{12}"(F)(1) 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care * * *"

{13}From review of the file and with full and careful consideration given to the testimony presented at the hearing, we find the maintenance expenses for the home security system constitute an allowable expense pursuant to R.C. 2743.51(F)(1). We believe the Attorney General's reliance on protection from a particular offender is misplaced. The case at bar is analogous to the panel's holding in *In re Kaiser*, V90-56922tc (10-25-91). In that case, the victim was sexually assaulted by an unknown offender who broke into her home. The offender was never identified. The panel focused on the testimony of the applicant who stated that "the security bars provided her a manageable level of security but were not enough to encourage her to feel totally safe in the house." This testimony coupled with letters from therapists convinced the panel that the security bars were a "medically necessary accommodation."

{14}In this matter, the applicant's testimony establishes that her fears are real and the security system provides her some sense of well-being. Accordingly, we find the home security maintenance expenses qualify as an allowable expense pursuant to R.C. 2743.51(F)(1). Therefore, the January 23, 2009 decision of the Attorney General is reversed. The Attorney General is directed to pay the maintenance expense for the home security system from October 31, 2006 through the date of this order.

IT IS THEREFORE ORDERED THAT

{15}1) The January 23, 2009 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{16}2) This claim is remanded for payment of the home security system maintenance expense from October 31, 2006 through the date of this order;

{17}3) This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{18}4) Costs are assumed by the court of claims victims of crime fund.

 

_____
GREGORY P. BARWELL
Presiding Commissioner

 

_____
THOMAS H. BAINBRIDGE
Commissioner

 

_____
RANDI OSTRY LE HOTY
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2009\Nov-Dec 2009\V2009-40170 Benedetti.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed on 11-20-09
Jr. Vol. 2274, Pgs. 5-10
Sent to S.C. Reporter 9-30-11